07-4869-ag (L); 08-0902-ag (Con)
Lin v. Holder

BIA
A077 650 636

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of May, two thousand ten.

PRESENT:
>        GUIDO CALABRESI,
>        PETER W. HALL,
>        DENNY CHIN,
>              *Circuit Judges*.

_____

XUE YU LIN,
>        *Petitioner*,

>        v.                                    07-4869-ag (L);
>                                              08-0902-ag (Con)
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,[1]
>        *Respondent*.

_____

FOR PETITIONER:          Alexander K. Yu, New York, NY.

FOR RESPONDENT:          Tony West, Assistant Attorney

---

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**General, Civil Division, Ernesto H. Molina, Jr., Assistant Director, Gladys M. Steffens Guzmán, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of these consolidated petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

Xue Yu Lin, a native and citizen of the People's Republic of China, seeks review of an October 3, 2007, order of the BIA denying her motion to reopen, *In re Xue Yu Lin*, No. A077 650 636 (B.I.A. Oct. 3, 2007), and a January 24, 2008, order of the BIA denying her motion to reconsider, *In re Xue Yu Lin*, No. A077 650 636 (B.I.A. Jan. 24, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006).

**I. Motion to Reopen, 07-4869-ag (L)**

The agency did not abuse its discretion in denying Lin's motion to reopen as untimely and number barred because

2

it was her third motion to reopen and the BIA entered a final order of removal in June 2003. *See* 8 C.F.R. § 1003.2(c)(2). Furthermore, the BIA did not abuse its discretion in declining to equitably toll the time period for filing Lin's motion to reopen because she failed to demonstrate that she exercised due diligence in pursuing her ineffective assistance of counsel claim. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). The BIA reasonably relied in part on Lin's failure to take any actions in her case for the almost two and a half years between the denial of her second motion to reopen and the filing of her third motion to reopen. *See Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008). Moreover, the BIA did not err in finding that Lin knew of or should have discovered the alleged ineffective assistance of counsel after she filed her appeal to the BIA or when she filed her two previous motions to reopen or reconsider. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

In addition, the BIA did not abuse its discretion in finding that Lin failed to establish changed country conditions excepting her motion to reopen from the time and numerical limitations. *See Wei Guang Wang v. BIA*, 437 F.3d

3

270, 274 (2d Cir. 2006); *Yuen Jin v. Mukasey,* 538 F.3d 143, 155 (2d Cir. 2008). Contrary to Lin's argument, a reasonable fact-finder would not be compelled to conclude that the BIA failed to consider the evidence she submitted. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 336 n.17 (2d Cir. 2006). Moreover, the BIA reasonably declined to credit that evidence given the IJ's underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 147 (2d Cir. 2007).

Accordingly, the BIA did not abuse its discretion in denying Lin's untimely and number-barred motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Kaur*, 413 F.3d at 233; *Cekic*, 435 F.3d at 170.

**II. Motion to Reconsider, 08-0902-ag (Con)**

Nor did the BIA abuse its discretion in denying Lin's motion to reconsider. *Jin Ming Liu*, 439 F.3d at 111. In its decision, the BIA revisited its analysis of the evidence Lin had submitted with her motion to reopen and reaffirmed its conclusion that such evidence failed to establish changed country conditions. *See Wei Guang Wang*, 437 F.3d at 274. Furthermore, contrary to Lin's argument, the BIA properly found no error in its reliance on the IJ's prior adverse credibility finding to discredit the evidence Lin

4

submitted.  *See Zheng,* 500 F.3d at 147.

For the foregoing reasons, the consolidated petitions for review are DENIED.  As we have completed our review, any stay of removal that the Court previously granted is VACATED, and any pending motion for a stay of removal is DISMISSED as moot.  Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk